UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.M. , a minor, by and through her parent and legal representative, NICOLE MUMMA,<br><br>    Plaintiff,<br><br>    v.<br><br>TODD MUMMA; DOES 1-500,<br><br>    Defendants. | Case No. 1:22-cv-00548 JLT SKO<br><br>ORDER GRANTING AS MODIFIED REQUEST FOR EX PARTE TEMPORARY RESTRAINING ORDER<br><br>ORDER SETTING HEARING AND BRIEFING SCHEDULE ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>(Doc. 5) |

**I. INTRODUCTION**

Plaintiff is a child residing in this judicial district. According to the civil complaint, on May 8, 2020, Plaintiff learned through law enforcement that Defendant, her stepfather, had installed hidden video cameras in her bedroom and bathroom and had been filming her while she was dressing, undressing, and using the bathroom. (Doc. 1, ¶ 6.) Additionally, Plaintiff alleges that Defendant was saving, sharing, and distributing the resulting videos with other persons. (*Id*., ¶ 7.) Defendant, who works in the computer technology field, had a hidden network server installed at his home and maintained a collection of media storage devices at home and work. (*Id*.) Local and federal officials

investigated and interviewed the Defendant. (*Id.*, ¶ 8.) Based upon evidence uncovered during that investigation, Defendant was charged in federal and state court with offenses related to child pornography. (*Id.* (citing Case No. 1:20-cr-00168 JLT SKO (E.D. Cal.); Fresno Superior Court No. F20904444).) In federal court, the Defendant is charged with violating 18 U.S.C. §§ 2251(a) and (e), and 18 U.S.C. § 2252(a)(2); in state court, the defendant is charged with violating California Penal Code §§ 311.11 and 311.3. (*Id.*; *see also* Doc. 5, Declaration of Kevin G. Little ("Little Decl."), Ex. A.; Docket, Fresno Superior Court No. F20904444.)

   In this civil action, A.M. brings claims for damages under 18 U.S.C. § 2255 ("Marsha's Law") and 18 U.S.C. § 2252A (f), each of which creates causes of action for damages, costs, fees, and injunctive relief for a victim of enumerated child pornography offenses. (*See* Doc. 1, ¶¶ 11–15.) Plaintiff also brings related claims under California Civil Code §§ 1708.8 and 1708.85, which make any person who captures or attempts to capture offensive images of another person engaging in private or personal activity (§ 1708.8) or intimate images (§ 1708.85) responsible for up to treble damages, punitive damages, payment of a civil fine, disgorgement of any profits from related commercial activity, as well as an award of attorney's fees and expenses. (*See id.* ¶¶ 17–22.)

   On May 11, 2022, Plaintiff filed an *ex parte* application for a temporary restraining order in which she requests that the Defendant be "temporarily and preliminarily enjoined from dissipating, concealing, or otherwise making available assets specified herein, pending entry by the Court of a final judgment in this action." (Doc. 5 at 8.) Among other things, the documents attached to the TRO application indicate that in August 2021, shortly after being charged with the crimes listed above, Defendant sold his business, Select Business Systems, to Copier Headquarters, Inc., dba GoodSuite, for $1,500,000, as well as an unspecified profit participation in the future earnings of Copier Headquarters, Inc. (Little Decl., Ex. I ("Asset Purchase Agreement".) Pursuant to the Asset Purchase Agreement, Defendant was to be paid $1,500,000, $1,200,000 of which was to be paid to Defendant in $10,000 monthly installments. (*Id.*) Specifically, Plaintiff requests that the $10,000 monthly installment payment

be ordered paid to the Clerk of Court pending disposition of this action, until there is full payment to Plaintiff in the event she obtains a favorable result. (Doc. 5 at 3.) Plaintiff requests that the Court enter such an order without prior notice to Defendant. For the reasons set forth below, a modified injunction will issue to maintain the status quo until the Court can hear Plaintiff's motion for preliminary injunction.

## II. DISCUSSION

### A. Temporary Restraining Order Standard

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *R.F. by Frankel v. Delano Union Sch. Dist.*, 224 F. Supp. 3d 979, 987 (E.D. Cal. 2016). Injunctive relief is an "extraordinary remedy, never awarded as of right." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). As such, the Court may only grant such relief "upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. To prevail, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm absent preliminary injunctive relief; (3) that the balance of equities tips in the moving party's favor; and (4) that preliminary injunctive relief is in the public interest. *Id.* Local Rule 231 governs the filing of requests for TROs in this District.

### B. Notice/Need for Ex Parte Relief

Before evaluating the *Winter* factors, the Court finds it necessary to define the appropriate scope of any injunction given the ex parte nature of the request. Under Federal Rule of Civil Procedure 65(b), a court may issue a TRO without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Relatedly, Local Rule 231(a) provides that "[e]xcept in the most extraordinary of circumstances, no

temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel, by telephone or other means, or a sufficient showing of efforts made to provide notice." In the context of ex parte requests to freeze assets, Courts normally require specific information demonstrating that a Defendant will hide or dissipate their assets. *See, e.g, Blackmon v. Tobias*, 2011 WL 2445963, at *4 (N.D. Cal. June 16, 2011) (denying ex parte application for writ of attachment and TRO where plaintiffs "merely offer[ed their] opinion that Defendants w[ould] 'hide or dissipate' their assets"); *Bd. of Trustees for Laborers Health & Welfare Tr. Fund for N. California v. Michael Heavey Constr., Inc.*, No. 18-CV-06119-JSC, 2018 WL 5778296 at *2 (N.D. Cal. Nov. 1, 2018)., 2018 WL 5778296 ("Plaintiffs provide no specific facts that Defendants are likely to hide or dissipate assets to support that statement; instead, their allegations are conclusory and fail to show exigent or exceptional circumstances warranting ex parte relief."); *Vaccaro v. Sparks*, 2011 WL 772394, at *2 (C.D. Cal. Feb. 1, 2011) ("The fact that Defendants may have been engaged in some sort of fraud does not automatically justify the issuance of an asset freeze."); *cf Connecticut v. Doehr*, 501 U.S. 1, 3 (1991) (absent allegations that the defendant was about to transfer or encumber asset or take any other action during the pendency of the suit that would render the property unavailable to satisfy a judgment, "there was no exigent circumstance" permitting ex parte attachment of those assets).

Here, the record does not contain any specific information indicating that the Defendant is about to hide or dissipate his assets. Therefore, the Court will deny without prejudice the *specific* relief requested by Plaintiffs.

Nonetheless, the record does suggest Defendant is likely to take at least some additional steps to make more difficult future attachment of his assets. Most critically, the very nature of the Asset Purchase Agreement[1] is suggestive of an intent to avoid future collection efforts. As Plaintiff's counsel

---

[1] As mentioned, the record indicates that the business sale transaction took place in late August 2021. Local Rule 231(b) permits the Court to consider, in evaluating a TRO motion "whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order" and may deny the motion solely on the grounds that "the delay constitutes laches or contradicts the

points out:

> Instead of agreeing to an arrangement where he, as sole shareholder of Select Business Systems, would have been paid the entire sales price for his business at once, Defendant has agreed to an arrangement whereby he will receive much smaller sums monthly from the purchaser, Copier Headquarters, Inc., dba GoodSuite. Defendant's business was purchased by an ongoing and seemingly vital concern, and it seems that it had the capability of financing its purchase of Defendant's business with a financial institution rather than paying in small monthly installments.

(Little Decl., ¶ 5.) The Court agrees with Plaintiff that "[w]hile there could possibly be other explanations for this financial arrangement, it is consistent with a structured transaction intended to make the Defendant seem to have considerabl[y] less liquidity that he actually has." (*Id.*) This information suggests that Defendant is likely to take additional steps to diminish Plaintiff's ability to attach one of his only remaining significant assets. Because the exact outlines of any further steps Defendant may take remain unclear, any injunction that issues will only maintain the status quo while these proceedings move to the next step, without unduly encumbering Defendant's assets at this time. The Court will therefore proceed to evaluate a modified version of the requested injunction that precludes Defendant from making material changes to how the periodic payments provided for under the Asset Purchase Agreement are distributed, received, and/or held or utilized. Defendant will be enjoined from, for example, taking any steps to make any material changes to how any such payments are made, the account(s) into which the payments are deposited, and/or the use(s) to which the funds are put.

**C.  Analysis of the *Winter* Factors**

**1.  Likelihood of Success**

The present record supports a finding that Plaintiff is likely to succeed on her claims against Defendant. For example, to prevail on a claim under 18 U.S.C. § 2255, Plaintiffs must ultimately

---

applicant's allegations of irreparable injury." It appears that Plaintiff's guardian ad litem may have only recently been made aware of the facts related to the sale of Defendant's business, but the exact timeline remains unclear.

demonstrate that: (1) while a minor, Plaintiff was a victim of a violation under one of the statutes enumerated in § 2255; (2) Plaintiff suffered personal injury; and (3) said personal injury was a result of the statutory violation. *Doe as next friend for Jessy v. Dinkfeld*, No. 2:19-CV-01554-ODW(SSx), 2019 WL 3340690, at *3 (C.D. Cal. July 25, 2019).

Plaintiff is likely to establish the first element. Among the predicate offenses that can trigger liability under § 2255 are those crimes that make up the two substantive charges of the federal indictment against Defendant, including the charge related to creation of videos in his own home of Plaintiff: (Count 1) sexual exploitation of a minor and attempt in violation of 18 U.S.C. §§ 2251(a) and (e). The criminal complaint filed in this Court contains detailed information about Defendant's conduct, his use of hidden cameras to create videos in his own home of the Plaintiff, and the steps he took to conceal his conduct. (Case No. 1:20-cr-00168 JLT SKO, Doc. 1.) This Court issued an arrest warrant premised upon the criminal complaint, which required a showing of probable cause. (*Id.*, Doc. 2.) The Grand Jury returned an indictment based upon the same conduct, which was followed by the issuance of yet another arrest warrant that required a showing of probable cause. (*Id.*, Docs. 3 & 4.)

Plaintiff is also likely to be able to establish the remaining elements of a claim under 18 U.S.C. § 2255. "Defendant . . . cannot dispute that the victims of his crimes suffered personal injury, both as a legal matter and as a matter of pure common sense." *A.B. by & through Olson v. Kowalczyk*, No. 3:19-CV-01521-MO, 2020 WL 4925683, at *2 (D. Or. Aug. 21, 2020). The result would be the same as to the other civil claims in this lawsuit.

**2.     Irreparable Harm**

In the context of an asset freeze, likelihood of irreparable harm is demonstrated by showing "a likelihood of dissipation of the claimed assets, or other inability to recovery monetary damages, if relief is not granted." *Sec. & Exch. Comm'n v. Bar Works Cap., LLC*, No. 17-CV-04396-EMC, 2017 WL 4642311, at *3 (N.D. Cal. Oct. 16, 2017) (*Johnson v. Couturier*, 572 F.3d 1067, 1085 (9th Cir. 2009)). As mentioned, although the Court is not prepared to find on the present record that Defendant is likely to

dissipate the relevant assets, he has demonstrated a likelihood of further obfuscating Plaintiff's ability to attach those assets in the future, which is a form of irreparable harm.

### 3. Balance of Equities

Given the modified scope of the injunction to issue herein, any harm to Defendant is likely to be minor and short-lived given that a prompt hearing will be held on Plaintiff's motion for a preliminary injunction. During any such proceedings, Defendant can file an application to dissolve the temporary restraining order under Rule 65(b). In the meantime, the status quo is maintained because no material changes can be made to the flow of the periodic payments, such as by sending them to an account or location that would make them more difficult to attach in the future.

### 4. Public Interest

Regarding the public interest requirement, the Court adopts the reasoning set forth in Plaintiff's papers. In sum, the federal government has expressed a policy favoring the strong and vigorous enforcement of laws protecting victims of child pornography. *See* 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2256, 2260; *see also United States v. Boos*, 127 F.3d 1207, 1211 (9th Cir. 1997) ("[T]he legislative history, when viewed in its entirety, confirms the conclusion that the primary "victims" that Congress sought to protect by enacting [18 U.S.C.] § 2252 were, in fact, the children involved in the production of pornography.")

## D. Bond Requirement

Federal Rule of Civil Procedure 65(c) provides that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." However, courts have discretion to dispense with the security requirement in circumstances where requiring security would effectively deny access to judicial review. *See Cal. ex rel. Van De Kamp v. Tahoe Reg'l Planning Agency*, 766 F.2d 1319, 1325 (9th Cir. 1985) (affirming district court's decision to allow environmental group to proceed without posting a bond because the group

asserted it was unable to post a substantial bond), amended on other grounds, 775 F.2d 998 (9th Cir. 1985). Here, the minor Plaintiff asserts that she has no financial means to pay a bond. (Doc. 5 at 18.) In addition, in the short time before the hearing scheduled here it is unlikely Defendant would suffer any loss. Under these circumstances, no bond will be required at this time.

### III. CONCLUSION AND ORDER

For the reasons set forth above:

(1) Plaintiff's motion for an *ex parte* temporary restraining order without prior notice (Doc. 5) is **GRANTED AS MODIFIED** as follows:

    (a) Defendant shall take no steps to make any changes to how the periodic payments provided for under the Asset Purchase Agreement are distributed, received, and/or held or utilized. Defendant may not, for example, take any steps to make any changes to how any such payments are made, the account(s) into which the payments are deposited, and/or the use(s) to which the funds are put.

    (b) The above order shall expire fourteen days from the date of this order, unless extended by the Court.

(2) Within two business days of the date of this order, Plaintiff shall personally serve Defendant a copy of the Complaint, this Order, and all existing filings in this action and shall promptly file proof of such service.

(3) Within two business days of the date of this order, Plaintiff shall personally serve a copy of this Order on Copier Headquarters, Inc., dba GoodSuite, at its address of record based on its most recent filing with the California Secretary of State; Plaintiff shall promptly file proof of such service.

(4) Plaintiff shall have until **May 18, 2022** to file any supplement to its request for a preliminary injunction (Doc. 5).

(5) Defendants shall file and serve any responsive papers on or before **May 25, 2022**.

(6) No reply is authorized at this time.

(7) A hearing on Plaintiff's motion for preliminary injunction will be held on **May 27, 2022** at 1:30 p.m. in Courtroom 4 of the United States District Court for the Eastern District of California, Fresno Division, located at 2500 Tulare Street, Fresno, California 93721.[2]

(8) Defendant may apply to the Court for modification or dissolution of this order upon two days' notice to Plaintiff, or upon such shorter notice as the Court may allow.

IT IS SO ORDERED.

Dated: __May 13, 2022__                                  /s/ Jennifer L. Thurston
                                                         UNITED STATES DISTRICT JUDGE

---

[2] The Court will entertain any reasonable stipulation to allow these proceedings to move forward on a more measured timeline.