Kevin G. Little, SBN 149818
Michelle L. Tostenrude, SBN 290121
**LAW OFFICE OF KEVIN G. LITTLE**
Post Office Box 8656
Fresno, California 93747
Telephone: (559) 342-5800
Facsimile: (559) 242-2400
E-Mail: kevin@kevinlittle.com

Attorneys for Plaintiff A.M., a minor,

Glen E. Gates, SBN 85885
**GATES LAW GROUP**
2445 Capital Street, Suite 160E
Fresno, California 93721
Telephone: (559) 432-9944
Facsimile: (866) 740-6678
E-Mail: glen@gateslawgroup.com

Attorney for Defendant Todd Mumma

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| A.M., a minor, by and through her parent and legal representative, NICOLE MUMMA,<br><br>Plaintiff,<br><br>v.<br><br>TODD MUMMA; DOES 1-500,<br><br>Defendants. | Case No.: 1:22-cv-00548 JLT SKO<br><br>**STIPULATION AND ORDER RE: STAY OF CIVIL ACTION DUE TO PENDING CRIMINAL PROCEEDINGS, AND NOTIFICATION OF THE CONCLUSION OF CRIMINAL PROCEEDINGS**<br><br>(Doc. 30) |

TO THE HONORABLE COURT:

Plaintiff A.M., a minor, by and through her parent and legal representative, Nicole Mumma (hereinafter "Plaintiff"), and defendant Todd Mumma (hereinafter "Defendant"), through their undersigned counsel, hereby enter into the following stipulation:

//

STIPULATION AND ORDER RE: STAY OF CIVIL ACTION DUE TO PENDING CRIMINAL
PROCEEDINGS, AND NOTIFICATION OF THE CONCLUSION OF CRIMINAL PROCEEDINGS         1

**STATEMENT OF GOOD CAUSE**

Plaintiff filed this action on May 7, 2022 (Doc. 1) and filed her first amended complaint on June 8, 2022. (Doc 16.) In her first amended complaint, Plaintiff asserts causes of action for 18 U.S.C. § 2255 – Marsha's Law, injunctive relief under 18 U.S.C. § 2252A(f), relief under Cal. Civil Code §§ 1708.8 and 1708.85, and general negligence on the part of Defendant. Plaintiff seeks compensatory and punitive damages, equitable and/or injunctive relief, and all other relief to which she may be entitled. On May 12, 2022, Plaintiff filed an *ex* parte application for a temporary restraining order and motion for preliminary injunction. A hearing on the pending preliminary injunction is currently scheduled for September 30, 2022.

On September 24, 2020, a criminal action was filed in the Eastern District of California based on the very same issues of fact that give rise to this proceeding against Defendant, *U.S.A. v. Mumma, No. 1:20-cr-00168-JLT-SKO*. No trial date is currently set in the criminal matter. A status conference has been set for September 21, 2022, but given the current state of the Court resulting from the Covid-19 pandemic, it is easily foreseeable that the criminal action cold remain pending beyond the year 2022.

The parties agree that this civil action and the above-reference criminal matter arise from the very same nucleus of fact. Defendant has a civil law duty to respond to discovery and deposition questions in a timely, complete matter, but he has a constitutional right against self-incrimination based upon the related criminal proceedings.

The risks inherent in engaging in civil discovery when related criminal charges are pending is well recognized – a defendant can waive or substantially impair his right against self-incrimination in his criminal proceeding if he responds to related civil discovery or deposition questions. Conversely, if the defendant invokes his right against self-incrimination in response to civil discovery or deposition questions on the basis of the related criminal proceeding, that invocation can be used against him in the civil proceeding.

The only way to avoid these two undesirable options is through a stay of civil discovery during the pendency of the related criminal proceeding. The parties to this civil proceeding both



STIPULATION AND ORDER RE: STAY OF CIVIL ACTION DUE TO PENDING CRIMINAL
PROCEEDINGS, AND NOTIFICATION OF THE CONCLUSION OF CRIMINAL PROCEEDINGS   2

1 agree that, after the preliminary injunction currently scheduled to be heard on September 30,
2 2022, is ruled upon, a stay of this civil case is appropriate.
3    Because the related criminal proceeding could last only a few months or more than a
4 year, it would be inefficient to schedule periodic status or scheduling conferences. In order to
5 avoid a waste of time and resources, defendant has agreed to inform the Court and parties within
6 ten (10) days of the conclusion of the related criminal proceedings, which would permit any
7 party to then request that a further scheduling conference be calendared for purposes of
8 scheduling the remainder of discovery, trial proceedings, and related dates and deadlines.

STIPULATION AND ORDER RE: STAY OF CIVIL ACTION DUE TO PENDING CRIMINAL
PROCEEDINGS, AND NOTIFICATION OF THE CONCLUSION OF CRIMINAL PROCEEDINGS        3

**TERMS OF STIPULATION**

Based on the foregoing, the parties agree and stipulate as follows:

1. After the Court rules on Plaintiff's motion for preliminary injunction, a stay of this civil case should be ordered, and that stay should remain in effect during the pendency of the related criminal proceedings, *U.S.A. v. Mumma, No. 1:20-cr-00168-JLT-SKO*.

2. Any pending court dates and deadlines in this civil proceeding should be vacated.

3. The Defendant shall be responsible for informing the Court and all parties of the termination/completion of the criminal proceedings within ten (10) days thereof.

4. After receiving notice of the termination/completion of the criminal proceedings, the Court should set a scheduling conference in this civil case to establish the remaining hearing dates and deadlines in this action.

IT IS SO STIPULATED.

Dated: September 14, 2022       LAW OFFICE OF KEVIN G. LITTLE

                  */s/ Kevin G. Little*
                  Kevin G. Little
                  Attorneys for Plaintiff A.M.

Dated: September 14, 2022       GATES LAW GROUP

                  */s/ Glen E. Gates*
                  Glen E. Gates
                  Attorneys for Defendant Todd Mumma

**ORDER**

Based upon the foregoing statement of the parties and the parties' stipulation (Doc. 30), and for good cause shown, the Court hereby orders as follows:

1. This case is STAYED upon the Court's ruling on Plaintiff's pending motion for preliminary injunction. (Doc. 5.) This stay shall remain in effect during the pendency of the related criminal proceedings, *U.S.A. v. Mumma, No. 1:20-cr-00168-JLT-SKO*.

2. Any currently pending court dates and deadlines in this civil proceeding, including the Mandatory Scheduling Conference, are VACATED.

3. Defendant SHALL inform the Court and all parties of the termination/completion of the criminal proceedings within ten (10) days thereof.

4. After receiving notice of the termination/completion of the criminal proceedings, the Court SHALL re-set the Mandatory Scheduling Conference in this civil case to establish the remaining hearing dates and deadlines in this action.

IT IS SO ORDERED.

Dated:   **September 14, 2022**             */s/ Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE